07 CV 2302

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JOSEPH RALLO,

                        Plaintiff,     **COMPLAINT AND**
                                                             **JURY DEMAND**

      -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR JOHN
BAMBURY, SERGEANT CAROSELLI, DETECTIVE
MARC SANABRIA SHIELD #7281, POLICE OFFICER
RALPH PACHECO, POLICE OFFICER McCARTHY,
POLICE OFFICER BROWNE, POLICE OFFICER
HERNANDEZ, POLICE OFFICER RODRIGUEZ,
POLICE OFFICERS JOHN DOE #1-5

MAR 19 2007

                                                   Defendants.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from a December 30, 2004 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, false imprisonment, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Deputy Inspector John Bambury ("Bambury") was at all times here relevant the commanding officer of the 83rd Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Bambury is sued in his individual and official capacities.

11. All others individual defendants ("the officers") are employees of the NYPD, and are

2

sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On December 30, 2004, plaintiff was arrested for a robbery without probable cause.

14. Defendants initiated criminal proceedings against plaintiff without a reasonable chance of prevailing against plaintiff in light of all the evidence readily available and in the possession of police officers.

15. Plaintiff was incarcerated for approximately eleven months due to this arrest.

16. Plaintiff's detention was prolonged by the failure to disclose exculpatory videotape, which was in the officer's custody.

17. The officers had knowledge of the videotape as of December 30, 2004.

18. The officers had custody of the videotape as of December 31, 2004.

19. Plaintiff was subjected to a suggestive line-up at the precinct on January 13, 2005.

20. Plaintiff was indicted, but all criminal charges relating to this incident were ultimately terminated in plaintiff's favor on the merits.

21. Attorneys for the Kings County District Attorney's Office did not produce the exculpatory videotape to the Grand Jury, despite being asked by members of the Grand Jury to do so.

22. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate the plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their

3

physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

23. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

24. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Physical pain and suffering;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    e. Loss of liberty;

    h. Attorney's and court fees.

### FIRST CAUSE OF ACTION
(42 USC § 1983)

25. The preceding paragraphs are here incorporated by reference.

26. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

27. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches

and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

28. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY, NEW YORK CITY POLICE MISCONDUCT)

29. The preceding paragraphs are here incorporated by reference.

30. The City, the Commissioner and the Deputy Inspector are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

31. The City, Kelly, the Commissioner and the Deputy Inspector knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

32. The aforesaid event was not an isolated incident. The City, the Commissioner and the Deputy Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that the New York Police Department fails to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, The City, the Commissioner and the Deputy Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, the Commissioner and

the Deputy Inspector are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

33. The City, the Commissioner and the Deputy Inspector knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, The City, the Commissioner and the Deputy Inspector failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

34. The City, the Commissioner and the Deputy Inspector have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

35. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of The City, the Commissioner and the Deputy Inspector to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

36. Defendants the City, the Commissioner and the Deputy Inspector have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

37. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner and the Deputy Inspector.

6

## THIRD CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY, KINGS COUNTY ASSISTANT DISTRICT ATTORNEY MISCONDUCT)

38. The preceding paragraphs are here incorporated by reference.

39. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

40. The City knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

41. The purpose of the Grand Jury procedure is to ensure that before an individual may be publicly accused of crime and put to the onerous task of defending himself from such accusations, the State must convince a Grand Jury that sufficient evidence exists and legal reason to believe that the accused is guilty. The Grand Jury is designed to investigate criminal activity and determine whether sufficient evidence exists to accuse a citizen of a crime, and to protect individuals from needless and unfounded prosecutions. The Kings County District Attorney's office is mandated to play the dual role of securing indictments and ensuring that justice is done. To that end, Assistant District Attorneys are obligated to present exculpatory evidence to the Grand Jury that might obviate a prosecution.

42. In this particular instance, Assistant District Attorneys failed to procure and/or produce an exculpatory videotape to the Grand Jury, but it was not an isolated incident. The Kings County District Attorney's office routinely frustrates the purpose of the Grand Jury and flouts its obligation to ensure justice with respect to Grand Jury proceedings by, *inter alia*, failing to present accessible exculpatory evidence. The City has been aware for some time from findings of Supreme Court and appellate judges, lawsuits, and notices of claim that Kings County Assistant District Attorneys do not observe their duty and obligation to present criminal cases

7

fairly to the Grand Jury to ensure that justice is done and further, that they often do not present exculpatory evidence that might obviate a prosecution altogether. Furthermore, the City is aware from the same sources that Assistant District Attorney's fail to investigate the existence of exculpatory evidence and fail to procure and produce accessible exculpatory evidence in a timely manner in the course of prosecutions, causing the unnecessary and unconstitutional prolonging of incarceration of innocent accused citizens. The City fails to discipline ADA's for such misconduct. Further, there is no procedure for training and discipline when ADA's are found by a court to have unfairly presented a case to the Grand Jury or who have not timely produced exculpatory evidence. The City is aware that all of the aforementioned has resulted in violations of citizens' rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the violation of plaintiff's civil rights.

43. The City knew or should have known that the ADA who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City failed to take corrective action. Without proper supervision not only is this misconduct ignored, it is condoned.

44. The City have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

45. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional and civil rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

46. The City has damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in

this and in similar cases involving such misconduct.

47. ~~Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the~~ the City.

### FOURTH CAUSE OF ACTION
### (FALSE ARREST AND FALSE IMPRISONMENT)

48. The above paragraphs are here incorporated by reference.

49. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

50. Defendant intended to confine plaintiff.

51. Plaintiff was conscious of his confinement and did not consent to his confinement.

52. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

53. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

### FIFTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

54. The above paragraphs are here incorporated by reference.

55. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

56. Defendants had no reasonable chance at prevailing against plaintiff.

57. The criminal proceedings were terminated in plaintiff's favor.

58. ~~Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983,~~

New York State common law, and the New York State Constitution.

59. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

## SIXTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

60. All preceding paragraphs are here incorporated by reference.

61. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

62. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

63. The preceding paragraphs are here incorporated by reference.

64. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

65. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
              3/16/07

TO:    New York City
        Corporation Counsel Office
        100 Church Street, 4th floor
        New York, NY 10007

        Police Commissioner Raymond W. Kelly
        1 Police Plaza
        Room 1406
        New York, NY 10006

        Deputy Inspector John Bambury
        83rd Precinct, NYPD
        480 Knickerbocker Avenue
        Brooklyn NY 11237

        Detective Marc Sanabria, Shield #7281
        83rd Precinct, NYPD
        480 Knickerbocker Avenue
        Brooklyn NY 11237

        Police Officer Ralph Pacheco
        83rd Precinct, NYPD
        480 Knickerbocker Avenue
        Brooklyn NY 11237

        Police Officer McCarthy
        83rd Precinct, NYPD
        480 Knickerbocker Avenue
        Brooklyn NY 11237

        Police Officer Browne

Yours, etc.,

*[signature]*

LEO GLICKMAN, ESQ.
Bar #LG3644
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

83rd Precinct, NYPD
480 Knickerbocker Avenue
Brooklyn NY 11237

Police Officer Hernandez
83rd Precinct, NYPD
480 Knickerbocker Avenue
Brooklyn NY 11237

Police Officer Rodriguez
83rd Precinct, NYPD
480 Knickerbocker Avenue
Brooklyn NY 11237